# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| STEVE GONCALVES, as personal representative of the Estate of Kaylee Jade Goncalves, KAREN LARAMIE, as personal represnetiatve of the Estate of Madison May Mogen, JEFFREY KERNODLE, as personal representative of the Estate of Xana Alexia Kernodle, and STACY CHAPIN, as personal representative of the Estate of Ethan J. Chapin,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY, a public university,<br><br>Defendant. | NO. 2:26-cv-00301<br><br>DEFENDANT'S MOTION TO TRANSFER VENUE<br><br>NOTED ON MOTION CALENDAR: FEBRUARY 27, 2026 |

## I.   INTRODUCTION

This is a civil rights and wrongful death action arising from the murder of four University of Idaho students in their Idaho residence against Washington State University (WSU). Initially filed in Skagit County, Washington and removed by WSU to the Western District of Washington, WSU now seeks to transfer the venue of this case from the Western District of Washington to the Eastern District of Washington; the location of its Pullman, Washington campus, the facts asserted in Plaintiffs' *Complaint*, and the location of WSU staff and student with knowledge of the same. For each of these reasons and the reasons set forth below, WSU

DEFENDANT'S MOTION TO TRANSFER VENUE

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

respectfully requests this Court should grant this motion to transfer the venue of this action to the Eastern District of Washington.

## II. BACKGROUND

### A. Facts[1]

Kaylee Goncalves, Madison Mogen, Xana Kernodle, and Ethan Chapin were all undergraduate students at the University of Idaho located in Moscow, Idaho. Dkt. 1-2 at ¶¶222, 322. During the early morning hours of November 13, 2022, Brian Kohberger murdered Goncalves, Mogen, Kernodle, and Chapin at their residence in Moscow, Idaho. *Id.* at ¶¶316, 320.

About four months before the murders, Kohberger was accepted into WSU's Criminal Justice and Criminology Graduate Program. *Id.* at ¶¶216, 218. In July 2022, Kohberger moved to Pullman, Washington. *Id.* at ¶218. WSU's Doctor of Philosophy in Criminal Justice and Criminology, the program Kohberger was accepted to, is exclusively located on WSU's Pullman campus. *Decl. of Sharyl Kammerzell in Supp. of Def's Mot. to Transfer Venue* (Kammerzell Decl.) at ¶4; Dkt. 1-2 at ¶¶215-16.

Plaintiffs' *Complaint* focuses on Kohberger's behavior on WSU's main campus in Pullman. Dkt. 1-2 at ¶¶247-49, 257-63, 267, 270-73, 275-89. Plaintiffs allege WSU "remain[ed] idle in the face of known extreme and repeated instances of discrimination, sexual harassment, and stalking by Kohberger occurring in its educational program throughout the entirety of the 2022 fall semester." *Id.* at ¶370. To support their Title IX claim, Plaintiffs focus on Kohberger's behavior in WSU classrooms and the Pullman campus building that houses WSU's Criminology Department, *see id.* at ¶¶388-89, which are located on WSU's main campus in Pullman, *see Kammerzell Decl.* at ¶¶3-4.

Based on their *Complaint*, all occurrences that give rise to Plaintiffs' causes of action occurred on or near WSU's Pullman campus, in the Eastern District of Washington. *See id.* at

---

[1] The facts recited in this section reference Plaintiffs' Complaint at Dkt. 1-2 solely for the purpose of referencing the claims made. These citations do not admit—in any manner—the substance of the claims put forth by Plaintiffs.

¶¶247-49, 257-63, 267, 270-73, 275-89. Additionally, while Plaintiffs' *Complaint* does not specifically mention any WSU staff by name, Plaintiffs' have broadly identified "members of the WSU Department of Criminal Justice and Criminology, members of the WSU Police Department, and members of the WSU administration" as those individuals who are likely to have knowledge regarding Plaintiffs' factual allegations. *See id.* at ¶32. These individuals will likely include the following: David Brody, Craig Hemmens, Faith Lutze, David Makin, Hillary Mellinger, Melanie-Angela Neuilly, Amelie Pedneault, John Snyder, Dale Willits, Rebecca Auliye, Sisouvanh Keopanapay, Danielle Makin, Dana "Dee Dee" Torgeson, Mary Stohr, Taylor Ellsworth, Holly Ashkannejhad, Dawn Daniels, and Kevin Imel. *Kammerzell Decl*. at ¶5. All of these individuals live in the greater Pullman area. *Kammerzell Decl*. at ¶5.

As discovery progresses, additional witnesses will likely be identified. Since all events in the Plaintiffs' *Complaint* admittedly took place in the Eastern District of Washington, most of any additional witnesses are likely to reside in the Eastern District as well. Venue would be far more convenient in the Eastern District.

**B.     Procedural History**

Plaintiffs filed this lawsuit on January 7, 2026, in Skagit County Superior Court. Dkt. 1-2. On January 27, 2026, WSU removed the matter to this Court in accordance with 28 U.S.C. § 1441. Dkt. 1. Because the underlying events for this lawsuit occurred in Pullman and Moscow, WSU seeks to transfer this case to the United States District Court for the Eastern District of Washington.

### III.     ARGUMENT

**A.     Venue is Proper and More Convenient in the Eastern District of Washington**

Venue is proper in the Eastern District of Washington because the alleged acts in the *Complaint* occurred in Pullman, Washington and Moscow, Idaho. *See* 28 U.S.C. §1391(b). Under 28 U.S.C. § 1404(a), a district court has discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."

DEFENDANT'S MOTION TO TRANSFER VENUE — 3 — ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation marks omitted) (quoting *Stweart Org. v. Ricah Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)). Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." The burden is on the movant to make the strong showing that a change of venue is warranted. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986) *superseded by statute on other grounds by* 28 U.S.C. § 1391. Here, WSU has made a strong showing that transfer to the Eastern District is appropriate.

A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in deciding whether to transfer on grounds of convenience and in the interest of justice. *Jones*, 211 F.3d at 498.

> For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id*. at 498-99. In addition to the *Jones* factors, courts weigh the public interest factors including: (1) "Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin[;]" (2) "[j]ury duty . . . imposed upon the people of a community which has no relation to the litigation[;]" and (3) "local interest in having localized controversies decided at home." *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508-09, 67 S. Ct. 839, 91 L. Ed. 1055 (1947) *superseded by statute as stated in American Dredging Co. v. Miller*, 510 U.S. 443, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994). "Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum." *Amazon.com v. Cendant Corp.*, 404 F. Supp.2d 1256, 1260 (W.D. Wash. 2005).

DEFENDANT'S MOTION TO TRANSFER VENUE — 4 — ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

Weighing these relevant factors is a matter of "the discretion of the trial judge." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (quoting *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

### B. The *Jones* Factors Favor Transfer of Venue to the Eastern District of Washington

Each of the *Jones* factors that are applicable support transferring venue to the Eastern District of Washington. Factors (1), (2), and (3), relating to the location where any agreements were executed, the state most familiar with the relevant law, and Plaintiffs' choice of forum, respectively, are not applicable here. First, there are no agreements as to any plead cause of action. To the extent that the Court interprets this factor as pertaining to agreements related to Kohberger's admission to, or residential status at WSU, this factor would militate in favor of transferring venue to the Eastern District where WSU is located. Second, both the Eastern and Western Districts are located in the State of Washington—so there is no choice-of-state issue here. Third, Plaintiffs filed this action in Skagit County Superior Court. Because Skagit County is situated within the Western District of Washington, it was removed—based on federal question jurisdiction—to this Court. Dkt. 1; 28 U.S.C. § 1441. As such, this Court is not Plaintiffs' choice of forum, and this factor does not weigh in favor of keeping this action in the Western District. The more relevant factors, likewise, support changing venue to the Eastern District.

#### 1. The respective parties' contacts with the forum support changing venue to the Eastern District

The parties' respective contacts with the forum weigh heavily in favor of transferring the present action to the Eastern District. WSU operates its main campus in Pullman, which is located in the Eastern District. *Kammerzell Decl.* at ¶3; U.S. Dist. Court for the Eastern Dist. of Wash., *About Us*, https://www.waed.uscourts.gov/about-us (last visited Jan. 28, 2026). WSU's main campus is the situs for many of Plaintiffs' factual allegations in their Complaint. *See* Dkt. 1-2 at ¶¶247-49, 257-63, 267, 270-73, 275-89. Moreover, Kohberger's murders of

DEFENDANT'S MOTION TO TRANSFER VENUE

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

Goncalves, Mogen, Kernodle, and Chapin occurred in Moscow, which is "10 miles from the WSU campus in Pullman, Washington." *Id.* at ¶222. The only meaningful connection any of the parties have with the Western District is Plaintiff Chapin's residency in Skagit County. *Id.* at ¶30. While WSU is a state college with satellite campuses in Evertt and Vancouver, Washington, *Kammerzell Decl.* at ¶3, WSU's operation of satellite campuses unrelated to the factual events at issue in this lawsuit does not create a compelling or practical reason for this action to be litigated in the Western District. Indeed, WSU has more contacts in the Eastern District than the Western District as it also operates satellite campuses in Richland and Spokane in addition to its main campus in Pullman. *Id.*

The parties only connections to the Western District are a single Plaintiff's residency in Skagit County and WSU's satellite campuses in Everett and Vancouver, none of which are the situs of any factual allegation in Plaintiffs' Complaint. There are no other apparent connections between the parties and the Western District. Accordingly, this factor weighs heavily in favor of transferring venue to the Eastern District.

### 2. There are no contacts relating to Plaintiffs' cause of action in the chosen forum

Similar to the parties' contacts with the forum, this factor weighs heavily in favor of transferring venue to the Eastern District. All of Plaintiffs' specific factual allegations between WSU and Kohberger took place on WSU's main campus in Pullman. *See* Dkt. 1-2 at ¶¶247-49, 257-63, 267, 270-73, 275-89. Plaintiffs' Complaint does not include any factual allegations that occurred at WSU's Everett or Vancouver satellite campuses. *See generally id*. In fact, the underlying murders that Plaintiffs are seeking damages for occurred in Moscow, Idaho, which, again, is "10 miles from the WSU campus in Pullman, Washington." *Id.* at ¶222. Since all the contacts relating to Plaintiffs' causes of action occur in either Pullman or Moscow, and not any location in the Western District, this factor again weighs heavily in favor of transfer to the Eastern District.

DEFENDANT'S MOTION TO TRANSFER VENUE

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

### 3. The difference in the costs of litigation between the Western and Eastern District

Again, this factor weighs in favor of transfer to the Eastern District. The vast majority of potential witnesses are located in the greater Pullman area, which is located in the Eastern District. *Kammerzell Decl.* at ¶5. For example, Plaintiffs' *Complaint* focuses on conduct by WSU staff who are employed at WSU's main campus in Pullman or have an address on file with WSU that is in the Eastern District. *See generally* Dkt. 1-2; *Kammerzell Decl.* at ¶5.

It will be less costly for those witnesses to testify in the Eastern District than the Western District, as a significant majority of witnesses currently reside in the Eastern District. As discovery progresses and additional witnesses are identified, it is more likely than not that those witnesses will also reside in the Eastern District, because Plaintiffs' factual allegations in their *Complaint* focus on conduct that occurred at WSU's main campus in Pullman. Outside of Plaintiff Chapin's residency in the Western District, there is no other meaningful connection that would infer reduced litigation costs by keeping this case in the Western District. Therefore, this factor weighs in favor of transfer to the Eastern District.

### 4. The availability of compulsory process to compel attendance of unwilling non-party witnesses

This factor is neutral. The parties have the same compulsory process available to them in both districts.

### 5. Ease of access to sources of proof

This factor weighs in favor of transfer to the Eastern District. As discussed above, the underlying events in Plaintiffs' *Complaint* all occurred in Pullman and Moscow, which are both in the Easter District. Most, if not all, sources of proof for all parties are located in the Eastern District, which is where WSU's main campus is located.

In *Cruz v. Ferry Cnty.*, C20-729 MJP, 2020 WL 3872170 (W.D. Wash. July 9, 2020), the Court applied the *Jones* factors and the public interest factors and determined the Eastern

DEFENDANT'S MOTION TO TRANSFER VENUE — 7 — ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

District of Washington was a more convenient forum than the Western District of Washington. The Court granted defendants' motion to transfer venue from the Western District of Washington to the Eastern District of Washington. *Id*. at *2. In *Cruz* the action was brought against Ferry County—located in the Eastern District—and the counties employees. *Id*. The plaintiff, who resided in the Western District, filed suit in King County, Washington, and the defendants removed the case to the Western District and then moved to change venue. *Id*. at *1. In granting the motion to transfer, the Court applied the *Jones* factors and noted that all actions alleged occurred in the Eastern District, the majority of the witnesses resided in the Eastern District, and all of the physical evidence was located in the Eastern District. *Id*. at *2. "[B]ecause this case is exclusively concerned with events that occurred in the Eastern District . . . the Court finds that public policy factors—particularly the local interest in deciding local controversies and not burdening citizens in an unrelated forum with jury duty—favor transfer." *Id.*; *see also Faire v. Okanogan Cnty.*, C20-946 TSZ, 2020 WL 5257882 (W.D. Wash. Sept. 3, 2020) (granting motion to change venue to the Eastern District because "[a]ll the acts occurred in Eastern Washington and most witnesses reside there. The action has little connection to the Western District and Plaintiffs' chosen forum is entitled to less weight even though Plaintiffs reside in this District.").

The facts in *Cruz* and *Faire* are similar to this case. The alleged acts complained of in Plaintiffs' Complaint occurred in the Eastern District, the majority of potential witnesses reside in the Eastern District, and any physical evidence is located in the Eastern District. In fact, similar to this case, the Western District transferred *Cruz* and *Faire* even though plaintiffs in those matters lived in the Western District at the time of the suit. Here, of the four Plaintiffs, only Plaintiff Chapin resides in the Western District. Dkt. 1-2 at ¶¶27-30.[2] Additionally, the local

---

[2] Plaintiffs Laramie and Goncalves reside in Idaho, and Plaintiff Kernodle resides in Arizona. Dkt. 1-2 at ¶¶27-29.

DEFENDANT'S MOTION TO TRANSFER VENUE

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

interest in deciding local controversies and not burdening citizens in an unrelated forum with jury duty weigh in favor of transfer to the Eastern District.

### C. The Public Interest Factors Favor Transfer to the Eastern District

In addition to the *Jones* factors, the courts weigh the public interest factors set out in *Gulf Oil*. The three pertinent public interest factors set forth in *Gulf Oil* are: (1) "Administrative difficulties . . . for courts when litigation is piled up in congested centers instead of being handled at its origin[;]" (2) "[j]ury duty . . . imposed upon the people of a community which has no relation to the litigation[;]" and (3) "local interest in having localized controversies decided at home." 330 U.S. at 508-09. All three factors weigh in favor of transferring venue to the Eastern District of Washington.

#### 1. Administrative difficulties

The center of this controversy is WSU's Pullman campus, which is in the Eastern District. The factual allegations in Plaintiffs' Complaint focus almost entirely on conduct that occurred on or near WSU's main campus in Pullman. *See* Dkt. 1-2 at ¶¶247-49, 257-63, 267, 270-73, 275-89. The majority of the witnesses in this case located in the Eastern District. *Kammerzell Decl.* at ¶5. There is a much stronger nexus in this case between the Eastern District and Plaintiffs' allegations than between the Western District and Plaintiffs' allegations. Congesting the Western District docket unnecessarily is inefficient, especially given that the Eastern District is the more convenient forum.

#### 2. Jury Duty

Subjecting residents of the Western District to jury duty is unnecessary, especially considering that the Western District has no relationship with the subject matter of the lawsuit.

#### 3. Local interest in having controversies decided at home

The most compelling *Gulf Oil* public interest factor in this case is that the residents in the Eastern District have a right to have localized controversies, like this lawsuit, decided at home.

DEFENDANT'S MOTION TO
TRANSCRIPT VENUE

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

The Eastern District has a local interest in adjudicating the suit, as that is where this cause of action originates. The public interest factors favor transfer to the Eastern District.

## IV.   CONCLUSION

The interest of justice and convenience to the parties support transfer to the Eastern District of Washington. All acts in the *Complaint* occurred in the Eastern District, and the vast majority of witnesses reside in the Eastern District. Defendant WSU respectfully requests this Court grant this Motion to Transfer Venue to the Eastern District of Washington.

DATED this 30th day of January, 2026.

> NICHOLAS W. BROWN
> Attorney General
>
> *s/Connor M. Callahan*
> CONNOR CALLAHAN, WSBA No. 54099
> Assistant Attorney General
> P.O. Box 40126
> Olympia, WA 98504-0126
> 360-586-6300
> Connor.Callahan@atg.wa.gov
> *Counsel for Defendant WSU*

DEFENDANT'S MOTION TO TRANSFER VENUE — 10 — ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

# CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of _____ 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Attorneys for Plaintiffs*

Jonathan P. Kieffer, (pro hac vice)
Jack T. Hyde, (pro hac vice)
Lindsey N. Scarcello (pro hac vice)
WAGSTAFF & CARTMELL, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
jpkieffer@wcllp.com
jhyde@wcllp.com
lscarcello@wcllp.com

Thomas B. Vertetis, WSBA #29805
Christopher E. Love, WSBA #42832
William T. McClure, WSBA #54622
PFAU COCHRAN VERTETIS AMALA, PLLC
909 A Street, Suite 700
Tacoma, WA 98402
tom@pcvalaw.com
chris@pcvalaw.com
wmcclure@pcvalaw.com

DATED this 30th day of January, 2026.

*s/Connor M. Callahan*
CONNOR CALLAHAN, WSBA No. 54099

DEFENDANT'S MOTION TO TRANSFER VENUE — 11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300