UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE GONCALVES, as personal representative of the Estate of Kaylee Jade Goncalves, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY, a public university,<br><br>Defendant. | Case No. 2:26-cv-00301-KKE<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER**<br><br>**NOTE ON MOTION CALENDAR:** March 20, 2026<br><br>**(ORAL ARGUMENT REQUESTED)** |

## INTRODUCTION

This Court should strike Defendant Washington State University's ("the State's") late and extremely deficient Answer. The Court should strike the State's Affirmative Defenses with prejudice, and it should require the State to file a revised Answer that makes a good-faith effort to admit or deny Plaintiffs' allegations. As described below, the State filed its Answer (labeled "Anwer") eight days late without seeking leave of Court; it claimed not to have sufficient information to respond to facts that are obviously true; it falsely claimed that certain facts stated legal conclusions; and it offered no factual support for its boilerplate affirmative defenses. For these reasons, the Court should strike the Answer.

PLAINTIFFS'
MOTION TO STRIKE
DEFENDANT'S
ANSWER





909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**EVIDENCE RELIED UPON**

The Declaration of Thomas B. Vertetis ("Vertetis Decl."), as well as the existing file on record in this matter.

**ARGUMENT**

**I.    The State filed its answer out of time and without leave.**

The State failed to file a timely answer or otherwise respond to the Complaint, as required by Rule 12 of the Federal Rules of Civil Procedure. As required by Local Civil Rule 55(a), Plaintiffs gave notice of intent to seek a default judgment for the State's failure to answer. The State never responded to Plaintiffs' correspondence, never asked for an extension, and never sought leave of Court. Instead, the State unilaterally filed an untimely (and deficient) Answer that purports to raise ambiguous affirmative defenses.

Plaintiffs filed their Complaint on January 7, 2026, in Skagit County Superior Court. (*See* Doc. 1-2.) Plaintiffs served the Complaint and Summons on the same day. (Doc. 1, ¶ 3.) The State had 20 days to answer or otherwise plead. Instead, the State removed the case on the 20th day, January 27, 2026. (Doc. 1.) Pursuant to FRCP 81(c)(2)(C), the State was required to answer within seven days of removal (by February 3, 2026). But the State neither filed a timely Answer nor sought an extension from Plaintiffs' counsel or this Court.

The State did file a Motion to Transfer Venue on January 30, 2026. But that motion did not claim to assert **improper** venue under Rule 12(b)(3).[1] Rather, the State brought a Motion to Transfer Venue under 28 U.S.C. § 1404(a), which does not relieve the State of the need to answer. After the State failed to respond to the Complaint, Plaintiffs gave notice on February 5, 2026, of their intent to seek a default judgment. (*See* Vertetis Decl. Exhibit A). The State

---

[1] In its Notice of Removal, the State admitted that venue and jurisdiction were proper in the Western District. (Doc. 1, ¶¶ 6-7). Inexplicably, however, the State then asserted in its Answer that the allegations regarding jurisdiction and venue call for a legal conclusion, and to the extent the State is required to answer, it denied the venue and jurisdiction allegations. (Answer at ¶¶ 33-36).

PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER

Page **2** of 13

Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

never responded. Instead, on February 11, 2026, the State filed its untimely Answer. (*See* Doc. 16.)

This Court should strike that late Answer. The Ninth Circuit "strongly disapproves" of untimely answers. *McCabe v. Arave*, 827 F.2d 534, 640 (9th Cir. 1987). Here, the State filed an untimely answer "without requesting or receiving leave of court and without the stipulation of other parties," *see Trueblood v. Valley Cities Counseling & Consultation*, 748 F. Supp. 3d 988, 1004 (W.D. Wash. 2024), and it has provided no explanation for its tardy Answer. Plaintiffs are not at this stage seeking default, and Plaintiffs understand that this Court may strike the Answer based on lateness alone "only upon a finding of bad faith." *Id.* But as of now, the State has provided no explanation for the timing of its Answer. And as explained fully below, the State's Answer reflects a bad-faith effort to respond to the Plaintiffs' Complaint.

**II.     The State failed to answer the allegations in good faith.**

Even a cursory review of the State's Answer shows that it made no reasonable attempt to respond to the allegations in Plaintiffs' Complaint. Plaintiffs filed a detailed and thorough Complaint that contains 518 paragraphs, spanning 126 pages. In response to **321** paragraphs (more than 60% of the allegations), the State answered: "WSU is without knowledge or information sufficient to admit or deny the allegations ... ." But many of these allegations were based on information obviously within the State's possession, including:

- Direct quotes of WSU's policies and procedures;
- Screenshots of WSU's website;
- Published statements of its most senior administrators; and
- Statements that its employees gave to law enforcement in the presence of the State's attorneys.

PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER

Page 3 of 13

Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

The State's Answer is also internally inconsistent—admitting facts in some paragraphs and denying the same facts in other paragraphs. The State also responded to nearly two hundred allegations by claiming that they were "contentions of law, which require no answer."

The rules require that the State either admit or deny the allegations in the Complaint. FRCP 8(b)(1). Further, under Rule 8(b)(5), a party that "lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." However, "[a] party may not deny sufficient information or knowledge with impunity, and must honestly answer a complaint." *Bank of Am., N.A. v. Malibu Canyon Invs., LLC*, No. 2:10-CV-00396-KJD, 2012 WL 115577, at *3 (D. Nev. Jan. 13, 2012). "An answer asserting insufficient information does not serve as a denial—and will be deemed admitted—if the assertion of ignorance is obviously a sham." *Harvey Aluminum (Inc.) v. N.L.R.B.*, 335 F.2d 749, 758 (9th Cir. 1964) (quotations omitted).[2] Therefore, "parties have a duty to make reasonable inquiry before denying a complaint allegation, and failure to make reasonable inquiry will constitute an admission." *Id.*; *see also Chung v. U.S. Bank, N.A.*, No. CV 16-00017 ACK-RLP, 2016 WL 9525594, at *4 (D. Haw. Sept. 6, 2016) (holding that a denial of facts "within [a party's] knowledge or easily brought within [the party's] knowledge … casts doubt on the good faith of the pleader").

Here, the State only admitted the following **seven** basic facts:

- Bryan Kohberger murdered four University of Idaho students. (Answer at ¶¶ 1, 4, 22, 26, 315, 320);

- WSU admitted Kohberger to its program and compensated him to work as a teaching assistant for WSU, providing a salary, health insurance, tuition waiver and on-campus housing. (Answer at ¶¶ 2, 61, 215-17);

---

[2] There are multiple potential remedies available to the Court including ordering the State to show cause for its pleading failures, requiring the State to replead its Answer, deeming Plaintiffs' allegations to be admitted, or striking the Answer.

PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER

Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Page **4** of 13

- WSU has its own police department and Threat Assessment Team. (Answer at ¶¶ 17, 25);

- WSU operates a public university with campuses across the state. (Answer at ¶ 31);

- Plaintiffs submitted pre-suit tort claim forms to the State. (Answer at ¶ 37);

- WSU's Graduate School Policies and Procedures Manual requires that its teaching assistants be at work each normal workday and maintain high standards of professional and ethical conduct. (Answer at ¶¶ 72, 73); and

- WSU's Executive Policy 15 is titled "Policy Prohibiting Discrimination and Harassment," and its Executive Policy 42 is titled "Policy of Threat Assessment." (Answer at ¶¶ 95, 106.)

The State did not fully deny **any** allegation in Plaintiffs' Complaint. Instead, it attempted to sidestep the allegations by invoking FRCP 8(b)(5), claiming that it did not have sufficient information to respond to the allegation. But the State clearly made no attempt to respond to these allegations in good faith.

Plaintiffs' Complaint heavily quoted WSU's policies, procedures and handbooks, including its Graduate School Policies and Procedures Manual; Standards of Conduct for Students; Executive Policy 15 (prohibiting discrimination and harassment); Executive Policy 42 (threat assessment policy); Family and Graduate Apartment Agreement; and Network Service Agreement. These are all publicly available documents that are maintained on WSU's website. Yet, the State claimed that it was "without knowledge or information" needed to respond to allegations about statements that WSU put on its own website. (*Compare* Complaint *with* Answer at ¶¶ 74-77, 79-89, 100-01, 107-118, 120-143, 145-48, 150-160.)

Plaintiffs' Complaint also contained several screenshots of WSU's website. (*See* Complaint at ¶¶ 147, 163, 195, 229, 230, 337, 346). The State then claimed that it was "without knowledge or information" to admit or deny allegations that were obviously true. (Answer at ¶¶ 147, 163, 195, 229, 230, 337, 346.) The State responded the same way to screenshots of its

PLAINTIFFS'
MOTION TO STRIKE
DEFENDANT'S
ANSWER

Page **5** of 13




improvement plan for Kohberger and the trespass admonition it served on Kohberger—both of which are on WSU stationary. (*Compare* Complaint *with* Answer at ¶¶ 297, 348-49.) Plaintiffs included the following screenshot of a WSU press release issued by its communications staff, quoting its chancellor and provost about the arrest of Kohberger:



(Complaint at ¶ 346.) The State's Answer claimed that "WSU is without knowledge or information sufficient to admit or deny" Plaintiffs' allegation. (Answer at ¶ 346.)

PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER

Page **6** of 13





Despite admitting that WSU provided Kohberger with on-campus housing as part of his employment with the university, WSU then claimed to be without knowledge or information sufficient to admit or deny whether it owned and operated that apartment complex, whether Kohberger agreed to the Family and Graduate Apartment Agreement, and whether it provided him with free internet access. (Answer at ¶¶ 2, 142-43, 145-156.) WSU further disclaimed information about the terms of the WSU Family and Graduate Apartment Agreement, including its policy prohibiting the possession of knives having a blade longer than 4 inches. (*Id*. at ¶¶ 157-60.)

Plaintiffs' Complaint also heavily quoted statements given by WSU faculty, staff, and students to law enforcement, which—as noted in the Complaint—were publicly disclosed after Kohberger pled guilty and was sentenced to four consecutive life terms without the possibility of parole. (*See* Complaint at ¶ 367.) As alleged in the Complaint, "[t]hese police interviews, along with other evidence, demonstrate that WSU had extensive knowledge of Kohberger's discriminatory, harassing, and stalking behavior" but failed to act. (*Id*. at ¶ 368.) Remarkably, the State claimed that WSU is without knowledge or information regarding every single statement. (*Compare* Complaint *with* Answer at ¶¶ 247-96, 301-02).

For instance, the State claimed it was without knowledge or information regarding a statement made by a "WSU employee—whose duties include investigating and providing education, mediation and other disciplinary focused responses to complaints or reports made by members of the student body, especially complaints that have a discriminatory nexus—[] that she never interacted with Kohberger but admitted that she had received 13 reports highlighting concerns regarding his behavior." (*Compare* Complaint *with* Answer at ¶ 295.) But according to the law enforcement report, **the State's legal counsel was present** when she made that statement. (Vertetis Decl. Exhibit B ("Also present during the interview was

PLAINTIFFS'
MOTION TO STRIKE
DEFENDANT'S
ANSWER

Page **7** of **13**

Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Washington State Assistant Attorney General Sean Bowen.").) The State also claimed no knowledge or information about the following:

> A WSU employee, who was assigned to work with Kohberger, began receiving complaints in late August 2022 from students and staff in the Criminal Justice Program about Kohberger's inappropriate behavior. Because of these complaints, the WSU employee spent a lot of time—at least once a week—speaking about Kohberger during different disciplinary meetings.

(*Compare* Complaint *with* Answer at ¶ 285.) But this statement to law enforcement was also given in the presence of the State's legal counsel. (Vertetis Decl. Exhibit C ("Sitting in on the interview with [the WSU witness] was Mr. Adam Malcolm, Assistant Attorney General of the Attorney General's office of Washington State.").) Plaintiffs could give many additional examples where the State's legal counsel was present for statements alleged in the Complaint, yet the State now claims to lack information about the statements. The State has not pleaded its Answer in good faith, and the Answer should be stricken as a result.

Further, in response to nearly every allegation in Plaintiffs' claims for violation of Title IX, negligence, gross negligence, outrage, survival and wrongful death, the State failed to admit or deny the allegations but instead claimed it contains "allegations or contentions of law, which require no answer." The State pleaded that same response repeatedly throughout its Answer—a total of **193 times**.

While courts may permit such a response in certain contexts, the State's responses here were entirely impermissible. When deciding whether to allow a "no response required" pleading, courts "consider the Answer as a whole" and evaluate whether defendants "have made specific admissions and denials of the allegations in each paragraph in addition to their statements regarding the statutes and legal conclusions alleged by Plaintiffs … ." *Walker-Cook v. Integrated Health Res., LLC*, No. CIV. 12-00146 ACK, 2012 WL 4461159, at *4 (D. Haw. Aug. 10, 2012); *Sykes v. Cigna Life Ins. Co.*, No. C 10-01126 CRB, 2010 WL 3324261, at *3

PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER

Page **8** of 13

Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

(N.D. Cal. Aug. 23, 2010) ("[T]aking the Answer as a whole, Defendants have denied Plaintiff's legal conclusions.").

Here, there are two reasons why the State's approach fails. First, the State has not responded to any facts that correspond to its "no response required" answers. For instance, as noted above, the State claimed that almost the all of Plaintiffs' claims were based on legal conclusions. Second, many of these claimed legal conclusions were actually statements of fact. Plaintiffs did not litter their Complaint with 193 legal conclusions. As to certain allegations, the State even admitted them when first stated, but then later claimed that it could not respond because the allegation stated a legal conclusion. (*Compare* Complaint *with* Answer at ¶ 386 and ¶¶ 453-54, 457 (first admitting certain facts about Kohberger's employment with WSU, and then later claiming that those same facts represented a contention of law that required no response).) Those responses clearly indicate that the State was claiming legal conclusions where the allegations stated underlying facts.

### III. The State failed to plead <u>any</u> facts to support its affirmative defenses.

In its Answer, the State also purported to assert nine affirmative defenses. As already discussed, the Court should strike these affirmative defenses as untimely if the Court determines that the State proceeded in bad faith. But there is a simpler basis to strike these defenses with prejudice, and that is because these defenses are entirely unsupported by facts. If Plaintiffs had offered such little support in pleading their causes of action, then surely the Court would have dismissed them. The State should be held to the same standard.

While courts in the Ninth Circuit are divided on whether notice pleading or the *Twombley/Iqbal* plausibility standard applies, *Eritrean Ass'n of Greater Seattle v. Gebrekidan*, No. 3:24-CV-05517-DGE, 2025 WL 447780, at *1 (W.D. Wash. Feb. 10, 2025), that divide is immaterial here. All courts require "'at least some facts indicating the grounds on which the defense is based.'" *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020 WL 2063663, at

PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER

Page **9** of 13

Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

*2 (W.D. Wash. Apr. 29, 2020) (quoting *Smith v. Bank of New York Mellon*, No. C19-0538-JCC, 2019 WL 3428744, at *1 (W.D. Wash. July 30, 2019)).

An affirmative defense is subject to Rule 12(f) motion where, as here, it "fails to give the plaintiff fair notice of the nature of the defense." *Bushbeck v. Chicago Title Ins. Co.*, No. C08-0755JLR, 2010 WL 11442904, at *1 (W.D. Wash. Aug. 26, 2010); *see also Valve Corp. v. Rothschild*, No. 23-CV-1016, 2025 WL 1194145, at *3 (W.D. Wash. Apr. 24, 2025) (striking affirmative defenses where they would require plaintiff to "infer the basis of their affirmative defenses from [defendant's] denials elsewhere"); *Weiss-Jenkins IV LLC v. Utrecht Mfg. Corp.*, No. C14-0954RSL, 2015 WL 5330765, at *3 (W.D. Wash. Sept. 14, 2015) (striking affirmative defenses where "[n]othing in the pleadings would enable the plaintiff to understand the grounds upon which the defenses of unjust enrichment, waiver, estoppel, and/or unclear hands are based").

The State's affirmative defenses appear to be boilerplate[3] and provide no factual basis for their validity in this case. For instance, the State blames unnamed third parties besides Kohberger for Plaintiffs' damages, but it fails to provide any further explanation as to who might be responsible or on what basis. Similarly, the State pleads that the families failed to mitigate their damages, without any explanation. That is exceedingly hard to square with how these four kids were murdered by the State's employee in the middle of the night, which was an absolutely devastating shock to their parents—i.e., the Plaintiffs here. This Court, therefore, should strike all of the State's affirmative defenses due to its wholesale failure to plead a factual basis for any of them. And based on the combination of the State's late Answer, its bad faith in responding to the remainder of the Complaint, and its complete lack of support for these defenses, the Court should strike them without an opportunity to re-plead.

---

[3] For instance, it erroneously refers to the Plaintiffs in the singular and refers to the potential fault of other parties and former parties even though the State is only defendant in this case.

PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER

Page 10 of 13

Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## CONCLUSION

For all of the foregoing reasons, this Court should grant Plaintiffs' Motion to Strike. More precisely, Plaintiffs respectfully request that this Court:

- Strike the State's affirmative defenses with prejudice;
- Give the State 10 days from the Court's Order to re-plead its Answer, making a good-faith effort to admit or deny each of the Plaintiffs' allegations—without prejudice to Plaintiffs filing an additional motion seeking to have matters judicially admitted if the revised Answer is also insufficient; and
- Award any other relief that this Court determines to be just and proper under the circumstances.

SIGNED this 27th day of February, 2026.

Respectfully submitted,

PFAU COCHRAN VERTETIS AMALA PLLC

By: /s/ *Thomas B. Vertetis*
Thomas B. Vertetis, WSBA No. 29805
Christopher E. Love, WSBA No. 42832

WAGSTAFF & CARTMELL LLP

By: /s/ *Jonathan P. Kieffer*
Jonathan P. Kieffer (*Pro Hac Vice*)
Jack T. Hyde (*Pro Hac Vice*)
Lindsey N. Scarcello (*Pro Hac Vice*)

**ATTORNEYS FOR PLAINTIFFS**

PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER

Page **11** of **13**





PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

I certify that this memorandum contains 2,901 words, in compliance with the Local Civil Rules.

By:   /s/ *Thomas B. Vertetis*
Thomas B. Vertetis, WSBA No. 29805
Christopher E. Love, WSBA No. 42832

PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER

Page 12 of 13





**CERTIFICATE OF SERVICE**

I, **Thien Lau**, hereby declare under penalty of perjury under the laws of the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I served the foregoing via **ECF** by directing delivery to the following individuals:

Jordyn Jones
Connor Callahan
Attorney General of Washington
Torts Division
7141 Cleanwater Dr. SW
PO Box 40126
Olympia, WA 98504
*Attorneys for Washington State University*

Jonathan P. Kieffer
Jack T. Hyde
Lindsey N. Sarcello
WAGSTAFF & CARTMELL, LLP
4740 Grand Ave Ste. 300
Kansas City, MO 64112
*Attorneys for Plaintiffs*

DATED this 27th day of February, 2026.

                                 */s/Thien Lau*
                                 Thien Lau
                                 Legal Assistant

PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER


Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Page 13 of 13