UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE GONCALVES, as personal representative of the Estate of Kaylee Jade Goncalves, et al.,

Plaintiffs,

v.

WASHINGTON STATE UNIVERSITY, a public university,

Defendant.

Case No. 2:26-cv-00301-KKE

**JOINT STATUS REPORT AND DISCOVERY PLAN**

**NOTE ON MOTION CALENDAR:** MAY 26, 2026

Pursuant to the Court's April 14, 2026 Order (Doc. 24), FRCP 26(f) and Local Civil Rule 26(f), the parties conducted a conference on April 20, 2026 and follow up conferences on May 7, 2026 and May 26, 2026, and hereby submit a Joint Status Report and Discovery Plan.

1. A statement of the nature and complexity of the case:

   A. This civil action arises out of the murder of four University of Idaho students on November 13, 2022 by Bryan Kohberger. At the time of the murders, Kohberger was a graduate student and a teaching assistant in Washington State University's ("WSU") Criminal Justice and Criminology Department. Plaintiffs allege that Kohberger engaged in a pattern of threatening, stalking

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:26-cv-00301-KKE                    PAGE - 1

and predatory behavior that was well known to WSU, but the university failed to take appropriate action and, further, committed affirmative negligent acts that caused or contributed to the murder of the decedents. Plaintiffs are the personal representatives of the estates of the decedents and assert causes of action for survival and wrongful death for violation of Title IX of the Education Amendments of 1972, negligence, gross negligence, and outrage.

B. The complexity of this case arises from the volume of evidence and witnesses as well as the standards of care applicable to an institution of higher education. Kohberger's threatening, stalking and predatory behavior was witnessed by dozens of WSU faculty, staff, and students, and reported to others at WSU. Kohberger also had a history of inappropriate behavior prior to his employment with WSU. After the murders, law enforcement conducted an extensive investigation and ultimately interviewed a significant number of witnesses and have made publicly available thousands of pages of investigative files. To date, Plaintiffs have identified nearly 90 fact witnesses with information that may be used to support their claims in this case. Additional complexity arises from the fact that these events occurred in the context of an institution of higher learning. WSU is an educational program that receives federal funds and, therefore, is required to comply with Title IX of the Education Amendments of 1972. Further, WSU proclaims to have a threat assessment team that utilizes structured, evidence-based risk assessment tools and methods to assess psychological, behavioral, historical and situational factors associated with violence. Specialized knowledge is likely necessary to

explain how Title IX and threat assessment programs shape the standard of care for an institution of higher learning like WSU and whether WSU complied with those standards.

2. Proposed deadline for joining additional parties: June 30, 2026

3. Do the parties agree that the Honorable Michelle L. Peterson may conduct all proceedings including trial and entry of judgment? No.

4. Discovery plan:

A. *Prompt case resolution*: The parties do not anticipate promptly settling this case. Plaintiffs do intend to conduct discovery in a prompt and efficient manner so that this matter may be resolved by a jury at trial.

B. *Alternative dispute resolution*: The parties do not plan to engage in some form of alternative dispute resolution at this time. After appropriate discovery has been conducted, the parties may be willing to revisit this issue.

C. *Related cases*: There are no pending related cases.

D. *Initial disclosures*:

   i. Plaintiffs provided Rule 26(a)(1) initial disclosures on April 3, 2026.

   ii. Defendant provided Rule 26(a)(1) initial disclosures on May 19, 2026.

E. *Subjects, timing, and potential phasing of discovery*:

   i. *Subjects*:

      1. WSU's recruitment, admission, hiring, employment, supervision, housing, and termination of Kohberger.

      2. WSU's institutional policies and procedures, including but not limited to pre-employment screening, discrimination,

harassment, and stalking, Title IX, student conduct, the graduate program, on-campus housing, threat assessment, community standards, threat alerts, and Clery Act notification.

3. Reports and complaints regarding Kohberger received by WSU and WSU's responses thereto.

4. Faculty, staff, student and administrator knowledge of and internal communications regarding Kohberger.

5. WSU's threat-assessment practices generally, and any threat assessment of Kohberger in particular.

6. WSU Police Department records and response activity relating to Kohberger, including but not limited to security escorts of female students, faculty, and staff.

7. Kohberger's conduct, behavior, and activities while affiliated with WSU, including use of WSU-provided resources, possession or use of weapons, vehicle records, movements, and academic work product.

8. Kohberger's conduct, behavior, and activities prior to his affiliation with WSU.

9. The November 13, 2022 murders, including evidence linking Kohberger to the killings.

10. WSU's post-incident statements and conduct regarding the murders, Kohberger, and this lawsuit.

11. Damages.

    ii. *Timing*: The parties do not propose any special limits on the timing of discovery. Further, the parties have already commenced discovery with Plaintiffs serving written discovery on WSU and serving subpoenas on third parties.

    iii. *Potential Phasing*: WSU proposes that plaintiff specific discovery, such as depositions of the plaintiffs' and surviving family members, be conducted later in the discovery process. Plaintiffs do not oppose WSU conducting that discovery later in the discovery process, but Plaintiffs request the ability to conduct their own discovery on damages issues as appropriate.

F. *Electronically stored information*: The parties have agreed to an ESI protocol, which has been submitted to the Court separately for approval.

G. *Privilege issues*: The parties agree to comply with FRCP 26(b)(5) regarding handling inadvertent production of privileged information.

H. *Proposed limitations on discovery*:

    i. Rule 30 Depositions: Given the volume of potential witnesses in this case, the parties agree that there is no set limit on the number of witnesses that may be deposed. The other limitations set forth in FRCP 30 remain in force.

    ii. Rule 33 Interrogatories: The parties agree to comply with the limitations set forth in FRCP 33.

    iii. Rule 34 Requests for Production: The parties agree to comply with the limitations set forth in FRCP 34.

   iv. Rule 36 Requests for Admission: The parties agree to comply with the limitations set forth in FRCP 36.

 I. *The need for any discovery−related orders*: Due to potential concerns about protecting the privacy of the Plaintiffs' families and sensitive and graphic information that may be produced in this case, the parties have submitted a stipulated proposed protective order for the Court's approval. Further, that protective order will address potential confidentiality concerns that arise out of WSU's obligation to comply with FERPA.

 J. *Phasing of any motion on dispositive issues*: The parties do not believe that any phasing of dispositive motions is necessary.

5. The date by which discovery can be completed: April 1, 2027

6. Whether the case should be bifurcated: The parties do not believe that the case should be bifurcated.

7. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy: The parties do not believe that the pretrial statements and pretrial order should be dispensed with in whole or in part.

8. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1: The parties do not intend to utilize the Individualized Trial Program. At this time, the parties do not intend to use any ADR options set forth in Local Civil Rule 39.1.

9. Any other suggestions for shortening or simplifying the case.

A.  The parties anticipate that there will be a number of out-of-state witnesses. The parties will attempt to coordinate deposition scheduling in an efficient manner to the extent reasonably possible. The parties will also coordinate and accommodate remote attendance for parties that do not wish to attend a deposition in person.

B.  The parties agree to share any documents obtained in response to third party subpoenas. Each party will bear its own costs.

10. The date the case will be ready for trial: June 1, 2027

11. Whether the trial will be jury or non–jury: The trial will be to a jury.

12. The number of trial days required: The parties anticipate that 20 trial days will be required.

13. The names, addresses, and telephone numbers of all trial counsel:

A.  Plaintiffs' counsel:

    Jonathan P. Kieffer
    Jack T. Hyde
    Lindsey N. Scarcello
    Wagstaff & Cartmell LLP
    4740 Grand Ave., Ste. 300
    Kansas City, Missouri 64112
    (816) 701-1100

    Thomas B. Vertetis
    Christopher E. Love
    William T. McClure
    Pfau Cochrane Vertetis Amala
    909 A Street, Ste. 700
    Tacoma, Washington 98402
    (253) 777-0799

B.  Defendant's counsel:

    Jordyn Jones
    Connor Callahan

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:26-cv-00301-KKE                    PAGE - 7

Hannah Justice
Washington State Attorney General's Office
PO Box 40126
Olympia, Washington 98504
360 586 6300

14. The dates on which trial counsel may have complications to be considered in setting a trial date: None.

15. All parties have been properly served.

16. If the Court elects to set a scheduling conference in this case before issuing a case schedule, please advise as to issues any party would address at such a conference.

    A.  While the parties do not agree that the Honorable Michelle L. Peterson may conduct all proceedings including trial and entry of judgment, the parties believe that it may be beneficial to refer this matter to Magistrate Judge Peterson for discovery management purposes.

    B.  Plaintiffs would like to address whether the Court's caseload (e.g., habeas petitions) might affect the scheduling of a trial in this matter and/or the availability of a courtroom given the requested amount of trial days (20).

17. The date(s) that each nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and Local Civil Rule 7.1: Not applicable.

18. A certification that all counsel and any *pro se* parties have reviewed the Civil Rules, the Local Rules, the applicable Electronic Filing Procedures, and Judge Evanson's Chambers Procedures for Civil Cases.

    A.  Plaintiffs' counsel certifies that they have reviewed the Civil Rules, the Local Rules, the applicable Electronic Filing Procedures, and Judge Evanson's Chambers Procedures for Civil Cases.

B.  Defendant's counsel certifies that they have reviewed the Civil Rules, the Local Rules, the applicable Electronic Filing Procedures, and Judge Evanson's Chambers Procedures for Civil Cases.

19. A certification that all counsel and any *pro se* parties have reviewed and complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

A.  Plaintiffs' counsel certifies that they have reviewed and complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

B.  Defendant's counsel certifies that they have reviewed and complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

SIGNED this 26th day of May, 2026.

Respectfully submitted,

WAGSTAFF & CARTMELL LLP

By: /s/ *Jonathan P. Kieffer*
Jonathan P. Kieffer (*Pro Hac Vice*)
Jack T. Hyde (*Pro Hac Vice*)
Lindsey N. Scarcello (*Pro Hac Vice*)

PFAU COCHRAN VERTETIS AMALA PLLC
Thomas B. Vertetis, WSBA No. 29805
Christopher E. Love, WSBA No. 42832
**ATTORNEYS FOR PLAINTIFFS**

NICHOLAS W. BROWN
Attorney General

By:    /s/ Jordyn Jones
Jordyn Jones, WSBA No. 52648
Connor Callahan, WSBA No. 54099
Hannah Justice, WSBA No. 50571
Assistant Attorneys General
**ATTORNEYS FOR DEFENDANT WSU**

I certify that this memorandum contains 1987 words, in compliance with the Local Civil Rules.

By: /s/ *Jonathan P. Kieffer*
Jonathan P. Kieffer (*Pro Hac Vice*)
Jack T. Hyde (*Pro Hac Vice*)
Lindsey N. Scarcello (*Pro Hac Vice*)

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing on May 26, 2026, using the Court's electronic filing system, thereby serving notice of the filing to all counsel of record.

By: /s/ *Jonathan P. Kieffer*
Jonathan P. Kieffer (*Pro Hac Vice*)
Jack T. Hyde (*Pro Hac Vice*)
Lindsey N. Scarcello (*Pro Hac Vice*)

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:26-cv-00301-KKE                    PAGE - 10