UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE GONCALVES, as personal representative of the Estate of Kaylee Jade Goncalves, et al., | Case No. 2:26-cv-00301-KKE |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| WASHINGTON STATE UNIVERSITY, a public university, | |
| Defendant. | |

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE  - 1

2.      "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: [The parties must include a list of specific documents such as "company's customer list" or "plaintiff's medical records;" do not list broad categories of documents such as "sensitive business material"].

> (a)      Decedents' medical records;

> (b)      Law enforcement or investigative records identifying witness names and contact information;

> (c)      Photographs and/or video depicting the decedents' bodies and/or graphic crime scenes;

> (d)      Autopsy reports and/or coroner/medical examiner records;

3.      SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1      Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE  - 2

4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue,

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE  - 3

and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Absent prior agreement of the parties, any party intending to file or use confidential material in a document filed with the Court (Pleading) shall file a redacted version of such Pleading that does not include or reference the confidential material, and shall serve an unredacted version of such Pleading on the designating party so as to allow the designating party an opportunity to file a motion to seal under Local Civil Rule 5(g). Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files. If no such motion is made by the designating party within ten (10) calendar days of filing the redacted Pleading, the party filing or using the confidential material may re-file the Pleading in unredacted form.

4.4    Special Protection for Graphic Material. The parties acknowledge that graphic material related to this action exists, including but not limited to photographs and video depicting the bodies of the decedents, the crime scene, sensitive health records and reports describing the injuries suffered by decedents, such as autopsy reports. These graphic materials have been the subject of intense media scrutiny, numerous public records requests to law enforcement agencies and various public entities, and pending lawsuits to compel production brought by non-parties to the instant litigation. Decedents' families have firmly resisted public disclosure of these graphic materials. To that end, Latah County, Idaho District Judge Megan E. Marshall entered a permanent injunction prohibiting the City of Moscow from disclosing such graphic material to the public. *See Karen Laramie, et al. v. The City of Moscow*, Case No. CV29-25-0755 (Second Judicial Dist., Latah Cnty., Idaho Oct. 1, 2025) (Judgment Granting in Part Permanent Injunction and

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE  - 4

Memorandum Decision Granting in Part Plaintiffs' Complaint for Permanent Injunction). Specifically, Judge Marshall held that the City of Moscow was prohibited from disclosing to the public any "images, photographs, video or other media that depict any portion of the decedents or their bodies and the blood immediately surrounding them." *Id*. In granting the permanent injunction, Judge Marshall found that the families presented undisputed evidence that they have suffered and will continue to suffer irreparable injury including extreme emotional distress because of the release of certain records and, further, that the disclosure of certain investigatory records would constitute an unwarranted invasion of personal privacy. *Id*.

To ensure that such graphic material remains fully protected and outside of the public domain, the parties agree that Plaintiffs will seek to obtain certain graphic material, including but not limited to photographs or video depicting the bodies of the decedents, the crime scene, sensitive health records and reports describing the injuries suffered by decedents, such as autopsy reports. Plaintiffs will store such material in a secure document repository. For graphic material obtained by Plaintiffs, the parties agree that Defendant will not issue any subpoena seeking photographs or video depicting the bodies of the decedents, the crime scene, sensitive health records and reports describing the injuries suffered by decedents, such as autopsy reports. If the Defendant becomes aware of the existence of material not already in the possession of Plaintiffs, Defendant will provide a written request to Plaintiffs to obtain the relevant graphic material. Upon receipt of a request from the Defendant, Plaintiffs will respond to Defendants' request in writing within seven (7) days either agreeing to obtain the material or denying the request. If Plaintiffs denies the request to obtain the graphic material, Defendant may issue such subpoena as necessary to obtain the relevant graphic information. For all graphic material in Plaintiff's possession, Plaintiff will produce a privilege log that shall contain at a minimum the following information:

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE - 5

| Field | Description |
|---|---|
| Bates Range / Document ID | The Bates number(s) or unique document identifier(s) assigned to the withheld graphic material. |
| Date | The date of the graphic withheld. For ESI, the sent date, creation date, or last-modified date, as applicable. |
| Creator | The name and title or role of the creator of withheld material |
| Custodian(s) | The custodian(s) of the file(s). |
| Document Type / Format | A description of the type of material (e.g., report, email, photo, video, etc.). |
| Subject Matter | A general description of the subject matter of the graphic material stated with sufficient specificity to permit an assessment of the nature of the document and the basis for withholding. |
| Privilege Asserted | If any other privilege or reason for withholding is being asserted, the specific privilege or protection claimed (e.g., attorney-client privilege, work-product doctrine, joint-defense privilege). |

The parties agree that Plaintiffs will not produce such graphic material in this case unless Plaintiffs intend to use such material at trial or unless specifically requested by Defendant. If Plaintiffs intend to use such graphic material at trial or if Defendant specifically requests access to certain graphic material, then those documents and materials will be produced as provided below.

Plaintiffs shall provide notice to Defendant of their intent to use any graphic material at trial. Plaintiffs' notice shall provide Defendant with a general description of the graphic material that may be used at trial. Defendant may then request that certain individuals be given access to the graphic materials identified in Plaintiffs' notice. Alternatively, Defendant may initiate a request to Plaintiffs for access to certain graphic material. Disclosure shall be limited to individuals to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Defendant shall make a written disclosure to Plaintiffs identifying the individual(s) that seeks access to the graphic material and an executed copy of Exhibit A. The written disclosure shall identify the following:

a. Full name;

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE  - 6

b.      Employer; and

c.      Business address.

Within 10 days of the written disclosure, Plaintiffs shall either object to the disclosure or provide the individual(s) with view-only access to a restrictive user group project on Everlaw that contains the requested graphic material. Should the reviewer be unable to access the restricted user group the parties agree to meet and confer to find an alternative viewing solution. The individual(s) given access to the graphic material is strictly prohibited from disseminating such graphic material and, further, shall not make any screenshots, photographs or video recordings of these confidential materials. If Plaintiffs object to the disclosure to the individual, then Defendant may present the issue to the Court for resolution. Nothing in this protective order shall be construed to limit Defendant's use of relevant graphic material for trial preparations or use at trial. At a date to be agreed upon by the parties but no later than thirty days before trial is scheduled to begin, Defendant will designate graphic material for use at trial at which time Plaintiff shall produce those designated materials to Defendant. The parties agree to confer and jointly approach the Court about what protections may be appropriate to prevent public disclosure of the graphic materials produced by Plaintiffs.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE  - 7

shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE  - 8

"CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE  - 9

made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement;

(c)     allow time for the designating party to object or take other action to protect the confidential material within the timeframe permitted for response to the subpoena or court order; and

(d)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

The designating party asserting the "CONFIDENTIAL" protection shall bear the burdens and fees and expenses of seeking protection of its confidential materials against such subpoena or request.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE  - 10

(b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.    WASHINGTON PUBLIC RECORDS ACT

10.1 Nothing in this Order shall be construed to require WSU or the Washington State Attorney General's Office (AGO) to violate the terms of Washington's Public Records Act, RCW 42.56, or RCW 40.14, which governs preservation and destruction of government records, or any other statute, administrative rule, or court rule. Materials designated as "CONFIDENTIAL" under the terms of this Order shall not be deemed to be public records unless they are also "writing[s] containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency . . . ." However, if at any time the Washington State Office of the Attorney General (AGO) receives a request pursuant to the Washington Public Records Act that would compel disclosure of any documents or information designated in this action as "CONFIDENTIAL," the AGO shall give written notice and a copy of the request to the designating party. The designating party shall have fifteen days from notification to seek protection from the Court for those responsive materials

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE - 11

that are designated "CONFIDENTIAL," during which period the AGO will not release any materials so designated.

10.2. In any proceeding concerning the release of confidential materials, the designating party shall have the affirmative obligation to intervene in such proceedings and to defend and substantiate any claim of confidentiality. Where any party or designating party has requested court review of a "CONFIDENTIAL" designation, the parties will treat the materials that are the subject of such request as confidential until the Court's ruling. Consistent with the requirements of RCW 42.56.070, 45 C.F.R. 164.512(e)(1)(ii), and 164.512(e)(1)(v), this provision does not authorize disclosure of protected health information under HIPAA.

10.3 The Attorney General's Office is required by RCW 42.56 to retain a copy of "public records" from this litigation (as defined by RCW 42.56.010(3)) and may preserve a copy of such records without violating this Order.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE - 12

PRESENTED and SIGNED this 1st day of June, 2026.

Respectfully submitted,

WAGSTAFF & CARTMELL LLP

By: /s/ *Jonathan P. Kieffer*
    Jonathan P. Kieffer (*Pro Hac Vice*)
    Jack T. Hyde (*Pro Hac Vice*)
    Lindsey N. Scarcello (*Pro Hac Vice*)

PFAU COCHRAN VERTETIS AMALA PLLC
Thomas B. Vertetis, WSBA No. 29805
Christopher E. Love, WSBA No. 42832
**ATTORNEYS FOR PLAINTIFFS**

NICHOLAS W. BROWN
Attorney General

By: /s/ *Jordyn Jones*
    Jordyn Jones, WSBA No. 52648
    Connor Callahan, WSBA No. 54099
    Hannah Justice, WSBA No. 50571
    Assistant Attorneys General
    **ATTORNEYS FOR DEFENDANT WSU**

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing on June 1, 2026, using the Court's electronic filing system, thereby serving notice of the filing to all counsel of record.

By: /s/ *Jonathan P. Kieffer*
    Jonathan P. Kieffer (*Pro Hac Vice*)

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE - 13

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: June 3, 2026

_____
Kymberly K. Evanson
United States District Judge

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE  - 14

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Steve Goncalves, as personal representative of the Estate of Kaylee Jade Goncalves, et al. v. Washington State University*, Case No. 2:26-cv-00301-KKE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER
AND ORDER
CASE NO. 2:26-CV-00301-KKE  - 15