The Honorable Kymberly K. Evanson

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STEVE GONCALVES, as personal representative of the Estate of Kaylee Jade Goncalves; KAREN LARAMIE, as personal representative of the Estate of Madison May Mogen; JEFFREY KERNODLE, as personal representative of the Estate of Xana Alexia Kernodle; and STACY CHAPIN, as personal representative of the Estate of Ethan J. Chapin,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY,<br><br>Defendant. | NO. 2:26-cv-00301<br><br>DEFENDANT'S RESPONSE TO PLAINITIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR JUDGMENT OF THE PLEADINGS OR ALTERNATIVELY, TO HOLD IN ABEYANCE PENDING COMPLETION OF DISCOVERY<br><br>NOTING DATE: October 16, 2026 |

## I. INTRODUCTION

On October 6, 2026, Washington State University (WSU) filed a Motion for Judgment on the Pleadings under CR 12(c) seeking dismissal of Plaintiffs' claims against it because, as pled, Plaintiffs are not entitled to the legal remedy they seek. Rather than respond to the merits of that motion, Plaintiffs ask this court to strike WSU's motion or to convert it to a summary judgment motion to be heard after discovery has been completed. WSU did not bring a CR 56 motion for summary judgment and is not asking this Court to decide that there are no genuine



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

issues of material fact. Instead, WSU properly brought a motion for judgment on the pleadings under Rule 12(c) because as a matter of law Plaintiffs' claims against WSU fail.

Rule 12(c) is "functionally identical" to Rule 12(b)(6), and the same standard applies. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). A CR 12(c) motion tests the legal sufficiency of Plaintiffs' claims. The question on the motion is "whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id.* Here, WSU has filed an answer, and thus a Rule 12(c) motion is procedurally proper. Even if it were not, when a Rule 12(c) motion is deemed to be premature, courts routinely treat the motions as Rule 12(b)(6) motions instead. Further, the parties do not need to complete discovery for this Court to fairly and fully consider WSU's motion on the legal issues before it. Whether this Court treats the motion as being under Rule 12(c) or Rule 12(b)(6), the same conceit applies: the Plaintiffs' factual allegations are treated as true for the purpose of evaluating the sufficiency of the complaint. If the factual allegations in the complaint cannot support the causes of action, WSU should not be burdened with the heavy costs of continuing discovery. Striking or converting WSU's motion into one for summary judgment to be heard at the close of discovery would prejudice WSU by denying it an opportunity to timely argue a legal defense to Plaintiffs' claims. This Court should not permit Plaintiffs to dictate how WSU can defend itself in this case.

## II. RELEVANT FACTS

The relevant facts underlying this motion are simple. On January 7, 2026, Plaintiffs filed a complaint in this matter alleging that WSU violated Title IX and was negligent for Bryan Kohberger's intentional criminal acts. Dkt. #1 Attachment #2. On February 11, 2026, WSU filed an Answer to Plaintiffs Complaint. Dkt #16. WSU also filed a motion to change venue from the

Western District of Washington to the Eastern District of Washington. Plaintiff filed a motion to strike WSU's answer. Dkt #19. Together, the parties stipulated to withdraw the motion to strike and the motion to transfer venue. *Jones Decl.* ¶ 4 Ex. A.

Although the parties contemplated filing an amended answer, when the amended answer was sent to Plaintiffs with a request to stipulate to its filing after the deadline to do so, Plaintiffs refused to stipulate. Jones Decl. ¶ 5. Considering Plaintiffs' refusal to stipulate, and WSU's answer already on file WSU has not filed an amended answer. Jones Decl. ¶5 At a status conference with this Court on Thursday, October 1, 2026, to discuss the timing of this motion, counsel for WSU confirmed it would not be filing an amended answer in this matter. Jones Decl. ¶6. At a discovery conference with counsel the very next day Counsel for WSU confirmed that as discovery was underway and the parties have been litigating this long without an amended answer, it seemed unnecessary to amend the answer now and would not proceed to do so. Jones Decl.¶ 7

On September 15, 2026, WSU timely filed a motion for judgment on the pleadings asserting that Plaintiffs complaint does not give rise to legally sufficient claims because as a matter of law, WSU, a Washington State college, does not owe a legal duty to prevent the intentional criminal acts of third parties occurring over state lines and outside of its control. Dkt #40. Rather than answer that motion, Plaintiffs have filed the present motion to strike or hold in abeyance. Dkt. #41.



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

## III. ARGUMENT

### A. This Court Should Deny Plaintiffs' Request to Strike the Motion

#### 1. WSU filed an answer on February 11, 2026, and thus a Rule 12(c) motion is procedurally proper

A motion for judgment on the pleadings may be brought at any time after the "pleadings are closed." Fed. R. Civ. P. 12(c). The pleadings are closed once a complaint and an answer have been filed (unless the answer contains a counter-claim or cross-claim, which is not the case here). *Lawyers for Fair Reciprocal Admission v. U.S.*, 141 F.4th 1056, 1074 (9th Cir. 2025) (citing *Doe v.U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005)). Rule 7(a) "prescribes when the pleadings are closed." *Doe* at 1061 (quoting *Flora v. Home Fed. Savings and Loan Ass'n*, 685 F.2d 209, 211 n. 4 (7th Cir. 1982)).

Under Rule 7(a), the pleadings allowed include "a complaint" and "an answer to a complaint." Rule 7(a) does not provide for amended pleadings, which are governed by Rule 15 instead. But, as outlined in *Doe*, it is Rule 7(a)—not Rule 15—that prescribes when the pleadings are closed. WSU filed an answer to the complaint on February 11, 2026. Dkt. No. 16. Because the answer did not include any counter-claim or cross-claim, the pleadings were closed as of February 11, 2026. *See Lawyers for Fair Reciprocal Admission* at 1074. Therefore, WSU's motion for judgment on the pleadings, filed on September 18, 2026, was procedurally proper and Plaintiffs' motion to strike should be denied.

#### 2. Should the pleadings be deemed to not be closed, the Court should treat the motion as one brought under Rule 12(b)(6)

By the plain reading of the Rules, the pleadings are closed and WSU's motion is procedurally proper. However, should the Court nonetheless agree with Plaintiffs that, for the



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

purpose of Rule 12(c), the pleadings are not closed, this Court may simply treat the motion as one brought under Rule 12(b)(6).

"The principal difference between Rules 12(b)(6) and 12(c) is the timing of the motion. Because the motions are 'functionally identical,' the same standard applies to both." *10th Gear LLC v. Paccar, Inc.*, No. 23-cv-1933-RSL, 2026 WL 2949419 at *2 (W.D. Wash. Oct. 1, 2026) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)) (internal citation omitted). "No prejudice to any party results from treating a Rule 12(c) motion as a Rule 12(b)(6) motion because the standard of review for motions for judgment on the pleadings under Rule 12(c) … is essentially the same as that for motions to dismiss under Rule 12(b)(6)." *Jung v. Ass'n of Am. Med. Colleges*, 339 F. Supp. 2d. 26, 35 (D.D.C. 2004), *aff'd*, 184 F. App'x 9 (D.C. Cir. 2006).

In *Jung*, the plaintiffs filed suit against multiple defendants. Twenty-nine defendants moved for the complaint to be dismissed under Rule 12(c). *Jung* at 36. Of those defendants, fourteen had filed answers, while the remaining fifteen had not. *Id*. The court deemed it proper to procced with the Rule 12(c) motion as to the fourteen answering defendants and to consider the motion as one under Rule 12(b)(6) for the non-answering defendants. *Id. See also Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (Holding that "if a motion to dismiss for failure to state a claim is made after the answer is filed, the court can treat the motion as one for judgment on the pleadings…"); *Eucalyptus Real Estate v. Innovative Work Comp. Sol.*, 642 F.Supp.3d 1273, 1278 (D. Kan. 2022) ("[A] court faced with a post-answer Rule 12(b)(6) motion may exercise its discretion and convert such a motion into a Rule 12(c) motion for judgment on the pleadings if the basis for the Rule 12(b)(6) motion is cognizable within a Rule 12(c) motion.").



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

Whether the motion is titled a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings, the same arguments and analysis apply. Therefore, should this Court find that the pleadings are not closed, it may (and should) simply convert the motion to one brought under Rule 12(b)(6).

**B. No Discovery is Needed for the Rule 12(c) (or in the Alternative, Rule 12(b)(6)) Motion to be Adjudicated**

Rule 12(c) is "functionally identical" to Rule 12(b)(6), and the same standard applies. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Judgment on the pleadings is proper when, accepting the complaint's factual allegations as true, there is no material factual dispute, and the moving party is entitled to judgment as a matter of law. *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012). The question is "whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id*

With all of Plaintiffs' factual allegations accepted as true, there is no need for discovery to be completed before adjudicating a Rule 12(c) motion. Unlike a party's burden in responding to a Rule 56 motion, plaintiffs do not need to submit any evidence to corroborate their allegations, and WSU is precluded from submitting evidence to refute the same. WSU's Rule 12(c) motion raises threshold legal deficiencies that cannot be resolved by any amount of discovery, including that Plaintiffs were not WSU students or participants in WSU educational programs and that WSU had no duty to prevent Kohberger's intentional off-campus criminal conduct. Dkt. #40. These threshold legal issues should be heard and resolved before WSU is made to participate in extensive discovery efforts because discovery in support of insufficient legal claims would be futile.



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

To the extent Plaintiffs seek to stay WSU's Rule 12(c) motion until the completion of discovery, this is a request to convert this motion into a summary judgment motion, thus denying WSU the opportunity to use all of the tools available to it as a defendant in this litigation without justification. Converting this motion to a CR 56 motion over WSU's objection is also contrary to the text of CR 12: a motion for judgment on the pleadings should only be brought early enough to avoid delaying trial. At the time WSU's motion was filed, trial was more than one year away. Ruling on this motion now will not delay trial but waiting to consider the motion might. While in its pending motion for judgment on the pleadings WSU argues that amendment of plaintiffs' complaint would be futile and should be granted with prejudice, such motions are often granted without prejudice and with leave to the nonmoving party to amend the complaint. If WSU's pending motion is not heard until after discovery has closed, and amended is permitted, this post discovery amendment would almost certainly necessitate the reopening of discovery in order to test the veracity of newly pleaded allegations. WSU's Rule 12(c) motion should therefore be decided now, while the trial is still many months in the future and discovery could be shaped in response to whatever the ultimate ruling is.

Plaintiffs' argument that this Court should address this case on summary judgment because two Washington State Supreme Court decisions addressing the underlying legal issues in this case were decided on summary judgment is specious. Neither *Barlow* nor *Martinez* stand for the proposition that cases against WSU must be decided on summary judgment. To the contrary, *Barlow* and *Martinez* both announce clear statements of the applicable law in Washington state that this Court must follow in adjudicating Plaintiffs' claims here. Under *Barlow*, WSU has no legal duty to control the conduct of its students off campus and away from



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

a school sponsored event. *Barlow v. State*, 2 Wn.3d 583 (2024). The holding in *Barlow* is determinative of Plaintiffs' negligence claim under the *Restatement of Torts (Second)* §315. No discovery will change the applicability of this rule of law to the facts in Plaintiffs' Complaint. No amount of discovery will change the location of the murders. Additionally, the *Martinez* decision is not applicable to this case because the court's decision in *Martinez* addresses the relationship between a university and the fraternal organizations it recognizes. *Martinez v. Wash. State Univ.*, 593 P.3d 762 (Wash. July 30, 2026). This case does not involve WSU's control over a fraternal organization. This case addresses WSU's legal duty to control students committing criminal conduct away from campus, a legal question that has already been decided by Washington's Supreme Cout – and the answer is the University has none.

Plaintiffs' request to hold WSU's motion in abeyance until discovery can be obtained is essentially a motion under CR 56(d) that should be denied. Where a party has filed a summary judgment motion the responding party can request time to obtain additional discovery under CR 56(d). Here, WSU did not file a motion for summary judgment, accordingly a motion for more time to obtain unavailable facts under CR 56(d) is not proper and should be denied. Plaintiffs' argument that discovery already obtained has shed light on the claims they have pled does not justify setting aside WSU's properly filed motion. If Plaintiffs believe some factual evidence should overcome WSU's legal arguments, then Plaintiffs may file that material in their response. Of course, WSU's post-murder statements have no bearing on whether it owed a legal duty to control Kohberger's conduct, or whether the Plaintiffs are legally entitled to advance Title IX claims against an educational institution that they were not participants or beneficiaries of. Ultimately, whether Plaintiffs are proper plaintiffs for their Title IX claims and whether WSU

owed Plaintiffs a legal duty to act are questions of law, not fact, that do not require discovery to resolve.

Plaintiffs have no authority to dictate how WSU presents its defense. WSU filed a CR 12(c)motion seeking judgment on the pleadings because the issues before the court to decide are legal questions, not factual ones. While CR 12(d) permits the court to treat a motion for judgment as a summary judgment if evidence is submitted along with the motion, WSU did not file evidence with its motion because, again, WSU seeks adjudication of Plaintiffs' legal claims before it must submit to extensive discovery in this case. Allowing Plaintiffs to set aside WSU's properly filed motion in favor of its own preference for resolution on summary judgment would be highly prejudicial to WSU because this would, without justification, deny WSU the opportunity to have its legal arguments heard and would necessarily require WSU to defend itself against insufficient legal claims including engaging in unnecessary expensive and time-consuming discovery. For each of these reasons, the Court should deny Plaintiffs' alternative requested relief to stay the Rule 12(c) motion until after the completion of discovery.

## IV. CONCLUSION

Plaintiffs are not entitled to dictate how and when WSU seeks consideration and disposition of the legal claims brought against it. WSU has timely filed a motion for judgment on the pleadings because Plaintiffs' claims lack legal sufficiency.

/ / /

/ / /

/ / /

/ / /



ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
360-586-6300

Striking or holding that motion in abeyance would necessarily prejudice WSU and prevent it from having its legal arguments and its defenses properly heard and considered by this Court. Accordingly, this Court should deny Plaintiffs motion.

DATED this 6th day of October, 2026.

*I certify that this memorandum contains 2,516 words, in compliance with the Local Civil Rules*

NICHOLAS W. BROWN
Attorney General

s/ Jordyn Jones
JORDYN JONES, WSBA No. 52648
CONNOR CALLAHAN, WSBA No. 54099
HANNAH JUSTICE, WSBA No. 50571
Assistant Attorneys General
P.O. Box 40126
Olympia, WA 98504-0126
360-586-6300
Jordyn.Jones@atg.wa.gov
Connor.Callahan@atg.wa.gov
Hannah.Justice@atg.wa.gov
*Counsel for Defendant WSU*

**PROOF OF SERVICE**

I declare that on this 6th day of October 2026, I caused a copy of this document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

***Attorneys for Plaintiff***

Jonathan P. Kieffer, (pro hac vice)
Jack T. Hyde, (pro hac vice)
Lindsey N. Scarcello (pro hac vice)
WAGSTAFF & CARTMELL, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
jpkieffer@wcllp.com
jhyde@wcllp.com
lscarcello@wcllp.com

Thomas B. Vertetis, WSBA #29805
Christopher E. Love, WSBA #42832
William T. McClure, WSBA #54622
PFAU COCHRAN VERTETIS AMALA, PLLC
909 A Street, Suite 700
Tacoma, WA 98402
tom@pcvalaw.com
chris@pcvalaw.com
wmcclure@pcvalaw.com

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 6th day of October, 2026, at Olympia, Washington.

*s/Jordyn Jones*
JORDYN JONES, WSBA No. 52648
CONNOR CALLAHAN, WSBA No. 54099
HANNAH JUSTICE, WSBA No. 50571