The Honorable Kymberly K. Evanson

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STEVE GONCALVES, as personal representative of the Estate of Kaylee Jade Goncalves, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY, a public university,<br><br>Defendant. | Case No. 2:26-cv-00301-KKE-BAT<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERANTIVELY, TO HOLD IT IN ABEYANCE PENDING COMPLETION OF DISCOVERY**<br><br>**(ORAL ARGUMENT REQUESTED)** |

**Noting Date:** October 16, 2026



Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## INTRODUCTION

The Response Brief filed by Defendant Washington State University ("WSU") neither confirms that the pleadings are "closed," nor explains why it makes sense to proceed on a dispositive motion when the time period for discovery is 60% complete. This Court, therefore, should either strike WSU's Motion for Judgment on the pleadings as procedurally deficient, or defer briefing on that motion until discovery has been completed.

The Court should strike the motion because the pleadings are not "closed." WSU filed an answer out of time, without the Court's permission, and has not corrected that problem. WSU neither denies that its answer was untimely filed, nor that its answer claimed no knowledge of hundreds of facts, many of which were clearly available to WSU. (*See* Pl. Mot. at 5.) WSU denies that it intends to file an amended answer, but the Court could require WSU to follow through on its prior intent to do so. Meanwhile, the Court should reject WSU's request to treat its Rule 12(c) motion as a motion to dismiss under Rule 12(b)(6). Nothing in Rule 12(b), or caselaw, permits a motion to dismiss to be filed months after the complaint is filed.

Alternatively, the Court should defer ruling on these critical issues until discovery is complete. Plaintiffs do not contest that Rule 12(c) motions function like motions to dismiss. Rather, Plaintiffs assert that the Motion for Judgment on the Pleadings raises mixed questions of fact and law that are best addressed on a full factual record. WSU does not deny the Court's inherent power to manage its docket. So, the question is not what the rules allow, but what is fairest to the parties and best for the Court?

The answer is that deciding these issues once, on a full record, is the best approach. Plaintiffs have some document discovery, but more is owed from WSU. Depositions are commencing and will continue over the next several months. If Plaintiffs have to respond during discovery, then by the happenstance of timing they will have some evidence to submit under



Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Rule 12(d), but they will not have the full panoply of evidence. Most likely, additional evidence will come in during the briefing process—particularly if the Court orders additional briefing under Rule 12(d). Additional evidence might come in between briefing and argument, leading to supplemental briefing. Instead of going through that inefficient and cumbersome process, the Court should adjudicate all legal issues on a full evidentiary record, as several cases raising similar issues have done.

WSU fails to explain **why** it makes sense to adjudicate these dispositive issues twice, given the timing of its motion. WSU claims that it wants to avoid costly discovery, and yet WSU waited until mid-September to move to dismiss a case filed in early January. WSU has not moved to stay discovery and has stated that it does not intend to do so. Had WSU filed a motion to dismiss in January, then Plaintiffs would have had to deal with that motion solely on the pleadings. But that did not happen.

For these reasons, the Court should either strike WSU's motion or defer briefing on the motion until the close of discovery.

## ARGUMENT

### I. The pleadings have not "closed," and this Court should not treat WSU's motion as a Rule 12(b)(6) motion several months after the deadline to file one.

WSU claims that the pleadings are "closed" even though WSU has expressed an intent to amend its answer, which was deficient and filed out of time. Plaintiffs understand the general rule that the pleadings close once a complaint and answer have been filed. (*See* Resp. at 4 (citing *Lawyers for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1074 (9th Cir. 2025)). The question is whether an answer has been "filed" when it was filed out of time without court permission, with deficiencies that the party has indicated that it would correct.



Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

WSU's account of what transpired is incomplete. Shortly before the deadline to amend the pleadings, WSU sent a proposed Amended Answer to Plaintiff's counsel. (Ex. B to Kieffer Decl., filed with Pl. Mot.) Plaintiffs declined a joint submission but said they would consent to WSU filing the Amended Answer. Plaintiffs also noted a few errors and suggested they be corrected. (Ex. C to Kieffer Decl.) A complaint may be amended "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs gave written consent by e-mail and do not oppose this Court's leave, so it is unclear why WSU believes a joint filing was necessary. Further, Plaintiffs would not object to amending the scheduling order under Rule 16(b)(4) for the purpose of allowing an amended answer, but WSU never asked. Thus, an untimely and insufficient answer remains on the Court's docket. Plaintiffs have agreed not to move to strike it, but the Court could require WSU to complete the proposed amendment.

In an effort to moot that issue, WSU asks this Court to treat its Motion for Judgment on the Pleadings as a motion to dismiss under Rule 12(b)(6). But Rule 12(b) has a 21-day time limit that has long expired. Fed. R. Civ. P. 12(a)(1)(A)(i). WSU's citation to a District of Columbia case is unhelpful. *See Jung v. Ass'n of Am. Med. Colleges*, 339 F. Supp. 2d 26, 35-36 (D.D.C. 2004), *aff'd*, 184 F. App'x 9 (D.C. Cir. 2006). In *Jung*, all defendants filed motions under Rule 12(c). Fourteen of those defendants had filed answers, and fifteen others had not. So there was substantial efficiency achieved by considering all of the motions together. Further, there is no indication that any deadline to file a Rule 12(b)(6) motion had passed. *See id.* Here, there is one defendant, and more than eight months passed between the filing of Plaintiffs' complaint and WSU's Motion for Judgment on the Pleadings. WSU has not offered any authority holding that a Rule 12(c) motion may be treated as a Rule 12(b)(6) motion several months after the deadline to file a motion to dismiss.



Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

For these reasons, the Court should strike the Motion for Judgment on the Pleadings as procedurally improper, as the pleadings have not "closed."

**II. The Court should defer briefing until the completion of discovery.**

Alternatively, the Court should defer briefing on WSU's motion until the close of discovery, to allow the Court to decide these issues on a full evidentiary record. None of WSU's contrary arguments have merit.

Plaintiffs are not trying to prevent WSU's arguments from being heard. (*See* Resp. Br. at 7.) Rather, the issue is **when** WSU's arguments should be heard. WSU's motion raises critical issues that WSU claims are dispositive. These issues present mixed questions of fact and law. *See, e.g.*, *Martinez v. Washington State Univ.*, 6 Wn.3d 776, 792, 593 P.3d 762 (2026). Adjudicating a motion based on the pleadings, when the parties are nine months into a 15-month discovery timeline, would put the Plaintiffs and the Court in an awkward position. WSU has produced documents that bear directly on the issues raised by its motion. WSU's letter to the murderer, Bryan Kohberger, alleges that he violated WSU policy by murdering members of the university community. (*See* Ex. A to Kieffer Decl.) That letter is important evidence that WSU deprived the decedents of educational opportunities at WSU, for Plaintiffs' Title IX claim; and that WSU had a duty of reasonable care toward the decedents. The other exhibit to Plaintiffs' motion, a letter sent by Kohberger, reveals that WSU controlled him financially—a revelation that is relevant to duty and causation issues. (*See* Ex. D to Kieffer Decl.)

Plaintiffs likely would attach this evidence to their response brief and request that the Court treat it as a motion for summary judgment. But Plaintiffs would also have to consider the utility of seeking conversion to a summary judgment motion when discovery is incomplete.[1]

---

[1] Plaintiffs' first issue connects to this conundrum. WSU's proposed Amended Answer admitted a large number of alleged facts. But without the benefit of those admissions, Plaintiffs would need evidence for everything they allege that is responsive to WSU's motion—if they



Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

But if the Court defers briefing until after discovery is complete, then Plaintiffs will have a fair chance to lay out their full case for the Court. And the Court would not be deciding dispositive issues on a partial record.

Attempting to counter this argument, WSU inaccurately claims that its motion raises purely legal issues. (Resp. Br. at 6.) Plaintiffs assert that WSU's duty to the decedents derives from Kohberger's status as an **employee**. Yet, WSU claims that *Barlow v. State*, 2 Wn.3d 583, 540 P.3d 783 (2024), is controlling, even though the *Barlow* addressed whether universities have a special relationship with their **students**. In *Martinez*, the Supreme Court subsequently made clear that the duty inquiry is fact-centered. The court distinguished *Martinez*—where the defendant was an off-campus fraternity—from *Barlow*, based in part on a three-part, fact-specific test, noting that "the analysis is highly specific to the relationship at hand." *Martinez*, 6 Wn.3d at 794-96, 798. *Martinez* has several parallels to this case, including this critical sentence: "We agree that WSU owed a duty to protect Sam from foreseeable harm, flowing from its special relationship with Gamma Chi." *Id.* at 771. Plaintiffs will show that WSU similarly had a "special relationship" with Kohberger, as an employee, and that the harm he caused was foreseeable. Those are factual issues distinct from those addressed in *Barlow*, which focused heavily on the potential duty to the victim. *See, e.g.*, *N.K. v. Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, 175 Wn. App. 517, 525-526, 307 P.3d 730 (2013) (holding that a special relationship with a victim is distinct from a special relationship duty to control a perpetrator).

While *Barlow* and *Martinez* are clearly relevant, the Court should also look to general principles of Washington duty law when deciding WSU's motion. And that law is **broad**. For instance, the Washington Supreme Court has found a duty running from a psychiatrist to an

---

were to ask that the motion be converted to a summary judgment motion. Thus, Plaintiffs would be forced to dump a mountain of evidence on the Court, if they chose that path.



Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

individual harmed by a patient. *Volk v. DeMeerleer*, 386 P.3d 254, 272–73 (2016). And, a recent Court of Appeals decision found a duty to a child that did not exist at the time of the allegedly wrongful conduct. *See Bauer v. Boeing Co.*, 590 P.3d 720, 730 (Wash. Ct. App. 2026) (recognizing a duty of care to a child to be conceived in the future). Plaintiffs are not asking this Court to pre-judge the duty issue. But the point is, the inquiry is not as simple as WSU claims it to be, and it depends heavily on the circumstances. *See Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072, 1085–86 (W.D. Wash. 2024) (noting that the duty issue "depends on mixed considerations of logic, common sense, justice, policy, and precedent"). *Barlow*, *Martinez*, and *Volk* were all decided on a full summary judgment record, and this case should be, too.

Finally, this Court should reject WSU's assertion that it would be unfair to require WSU to continue discovery. (Resp. Br. at 9.) If discovery were so problematic for WSU, then WSU should have filed a motion to dismiss in January. Not only did it fail to do so, but WSU failed even to answer by the deadline. WSU has not moved to stay discovery and has stated that it does not intend to do so. The timeline for discovery is more than 60% complete, given that the case was filed in January 2026 (more than nine months before this filing) and the cutoff is April 16, 2027 (six months after this filing). Much of the remaining discovery involves depositions between now and early 2027. It is highly unlikely that this Court could rule on this motion; the parties could then brief the Motion for Judgment on the Pleadings; and the Court could rule on that motion, all before depositions are largely complete. So, as a practical matter, WSU will have to go through the majority of discovery either way. And Plaintiffs strongly believe that discovery will need to be completed, as their claims **are** viable. Finally, WSU's argument betrays an incentive to delay producing potentially harmful documents during the pendency of WSU's motion—unless the Court defers briefing until after discovery is complete.



Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

This Court, therefore, should defer the briefing on WSU's Motion for Judgment on the Pleadings until the close of discovery, if the Court does not strike the motion.

## CONCLUSION

For the foregoing reasons, and those expressed in Plaintiffs' initial motion, this Court should either:

- Strike WSU's Motion for Judgment on the Pleadings because the pleadings are not "closed," as required by Rule 12(c); or,
- Hold the Motion for Judgment on the Pleadings in abeyance until the completion of discovery.

SIGNED this 16th day of October, 2026.

Respectfully submitted,

WAGSTAFF & CARTMELL LLP

By: /s/ *Jonathan P. Kieffer*
Jonathan P. Kieffer (*Pro Hac Vice*)
Jack T. Hyde (*Pro Hac Vice*)
Lindsey N. Scarcello (*Pro Hac Vice*)

PFAU COCHRAN VERTETIS AMALA PLLC

By: /s/ *Thomas B. Vertetis*
Thomas B. Vertetis, WSBA No. 29805
Christopher E. Love, WSBA No. 42832

**ATTORNEYS FOR PLAINTIFFS**



Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

I hereby certify that the foregoing brief has 2,086 words, which is below the limit of 2,100 set by W.D. Wash. LCR 7(e)(3).

By: /s/ *Jonathan P. Kieffer*



Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing on October 16, 2026, using the Court's electronic filing system, thereby serving notice of the filing to all counsel of record:

Jordyn Jones, WSBA #52648
Connor Callahan, WSBA #54099
Hannah Justice, WSBA #50571
Attorney General of Washington
Torts Division
7141 Cleanwater Dr. SW
PO Box 40126
Olympia, WA 98504
Jordyn.Jones@atg.wa.gov
Connor.Callahan@atg.wa.gov
Hannah.Justice@atg.wa.gov
*Attorneys for Washington State University*

Thomas B. Vertetis, WSBA #29805
Christopher E. Love, WSBA #42832
William T. McClure, WSBA #54622
PFAU COCHRAN VERTETIS AMALA, PLLC
909 A Street, Suite 700
Tacoma, WA 98402
tom@pcvalaw.com
chris@pcvalaw.com
wmcclure@pcvalaw.com
*Attorneys for Plaintiffs*

DATED this 16th day of October, 2026.

/s/Jonathan P. Kieffer
Jonathan P. Kieffer (*Pro Hac Vice*)



Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 | Fax: (816) 531-2372

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654