UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE GONCALVES, et al.,<br><br>Plaintiff(s),<br>v.<br><br>WASHINGTON STATE UNIVERSITY,<br><br>Defendant(s). | CASE NO. C26-0301-KKE<br><br>ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Plaintiffs' motion to strike Defendant's motion for judgment on the pleadings. Dkt. No. 41. For the reasons below, the Court denies Plaintiffs' motion. Plaintiffs are ordered to respond to Defendant's motion for judgment on the pleadings, and the Court will resolve that motion in due course.

## I. BACKGROUND

This is a civil rights and wrongful death action against Washington State University ("WSU") arising from the murder of four University of Idaho students. Plaintiffs originally filed this action in state court on January 6, 2026. Dkt. Nos. 1–2. WSU removed the case to this Court on January 27, 2026. Dkt. Nos. 1, 3. Three days later, WSU moved to change venue, seeking to transfer this case to the Eastern District of Washington, and Plaintiffs opposed. Dkt. Nos. 8, 17. Meanwhile, WSU failed to file an answer or otherwise respond to the complaint by the deadline of February 3, 2026. After Plaintiffs sent WSU a default notice, WSU filed an untimely answer

on February 11, 2026. Dkt. No. 16. Two weeks later, Plaintiffs moved to strike the answer, arguing it was "late and extremely deficient." Dkt. No. 19 at 1.

The parties ultimately entered into an agreement in which Plaintiffs withdrew their motion to strike the answer, and WSU withdrew its motion to transfer venue. The parties filed a notice to withdraw the pending motions with prejudice on March 19, 2026. Dkt. No. 23. The notice stated that WSU "reserves the right to file an amended Answer and Plaintiffs consent to such filing pursuant to FRCP 15(a)(2)." *Id.* at 1. Months later, on July 27, 2026, WSU emailed Plaintiffs a proposed amended answer and joint notice. Dkt. No. 42 at 9. Plaintiffs responded that they were "fine with [WSU] submitting the answer to the Court," with "two caveats," the first relating to a paragraph-numbering issue, and the second being that "answers to a number of paragraphs may have been inadvertently deleted and the proposed answer now has no response to a number of allegations." *Id.* at 11. As far as submitting the filing as a joint notice, Plaintiffs stated they did "not desire to join the filing of a proposed amended answer," but WSU was "welcome" "to indicate that [the filing] is unopposed." *Id.* WSU ultimately did not file the amended answer.

On September 15, 2026, WSU filed a motion for judgment on the pleadings.[1] Dkt. No. 39. Plaintiffs moved to strike WSU's motion on September 25, 2026. Dkt. No. 41. Shortly thereafter, Plaintiffs requested a status conference to discuss a telephonic motion for additional time to respond to the motion for judgment on the pleadings. Dkt. No. 43. The Court held a status conference on October 1, 2026, and granted the telephonic motion, extending Plaintiffs' deadline to respond to the motion for judgment on the pleadings until no later than 14 days after the Court resolved the motion to strike. Dkt. Nos. 48–49. At the status conference, WSU stated that it did not intend to file an amended answer.

[1] WSU filed a corrected motion three days later on September 18, 2026. Dkt. No. 40.

WSU responded to the motion to strike on October 6, 2026, and Plaintiffs filed their reply on October 16, 2026. Dkt. Nos. 50, 52. This matter is now ripe for the Court's review.

## II. DISCUSSION

### A. Legal Standard

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[P]leadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming ... that no counterclaim or cross-claim is made." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)).

### B. The Court Denies Plaintiffs' Motion to Strike

Plaintiffs argue that WSU's motion for judgment on the pleadings is procedurally improper and should be stricken because the pleadings are not "closed" under Rule 12(c). Dkt. No. 41 at 3–5. Alternatively, Plaintiffs contend that the Court should withhold resolution of the motion until discovery can be completed so that the issues can be adjudicated "on a full factual record." *Id.* at 6–9. As discussed below, the Court rejects both arguments and denies the motion to strike.

1. <u>The pleadings are "closed" for purposes of Rule 12(c).</u>

Whether the pleadings here are "closed" for purposes of Rule 12(c) is a relatively straightforward inquiry: the "complaint and answer have been filed" and "no counterclaim or cross-claim is made." *Doe*, 419 F.3d at 1061. *See* Dkt. Nos. 1-2, 16. Thus, the Court finds that the pleadings are closed. Plaintiffs nevertheless argue that the pleadings are not "closed" under Rule 12(c) because WSU's answer is "improper." Dkt. No. 41 at 3. Specifically, Plaintiffs contend

that WSU's answer was "untimely filed, without leave of court, and [] is also deficient" where it does not admit or deny hundreds of paragraphs in the complaint. *Id.* at 5. Neither contention alters the Court's conclusion.

First, Plaintiffs waived any challenge to the timeliness or substance of WSU's answer. Although it is undisputed that WSU's answer was filed after the applicable deadline of February 3, 2026, Plaintiffs withdrew their motion to strike the answer as untimely and substantively deficient in exchange for WSU's withdrawal of its motion to change venue. Dkt. No. 23. In doing so, Plaintiffs affirmatively waived their right to subsequently challenge the answer as untimely or deficient by agreeing to withdraw their motion to strike the answer with prejudice. *Id.*; *see also id.* at 1 ("The Parties have further stipulated that the withdrawal of these motions shall be with prejudice … Plaintiffs will not seek to strike Defendant's Answer."). Having agreed to withdraw their challenge with prejudice, Plaintiffs cannot, months later, re-raise these objections to WSU's answer to argue that the pleadings remain open. And in any event, Plaintiffs identify no authority—and the Court is aware of none—establishing that a party's failure to admit or deny allegations in an answer prevents the pleadings from closing for purposes of Rule 12(c).

Plaintiffs also argue that they believed WSU would file an amended answer, and WSU has not done so, such that the pleadings are not "closed." Dkt. No. 41 at 5. WSU does not dispute that the "parties contemplated filing an amended answer." Dkt. No. 50 at 3. Indeed, in the notice to withdraw the pending motions, WSU stated that it "reserve[d] the right to file an amended Answer and Plaintiffs consent to such filing pursuant to FRCP 15(a)(2)." Dkt. No. 23 at 1. In the parties' email exchanges regarding the withdrawal notice, WSU represented that "[t]o be transparent, WSU will seek to file an amended answer that will address concerns in [Plaintiffs'] motion [to strike]"; Plaintiffs responded that the parties had "an agreement in principle," under which the parties would withdraw their pending motions with prejudice "and the State may file an

amended answer." Dkt. No. 51 at 6–7. Ultimately, however, WSU did not file an amended answer, and it has since represented to the Court and to Plaintiffs that it has no intention of doing so. *Id.* at 2. Though the parties dispute why exactly WSU failed to file an amended answer,[2] the reason is irrelevant for purposes of resolving the motion to strike. That WSU "reserve[d] the right to file an amended Answer" (Dkt. No. 23 at 1) but ultimately chose not to do so does not render its existing answer "improper" or insufficient for purposes of Rule 12(c).[3]

Because the complaint and answer have been filed, and no counterclaim or cross-claim has been asserted, the Court concludes that the pleadings have "closed" under Rule 12(c). *See Doe*, 419 F.3d at 1061.[4]

2. <u>The Court declines to defer resolution of the motion for judgment on the pleadings until the completion of discovery.</u>

Alternatively, Plaintiffs argue that "the Court should defer briefing on WSU's motion until the close of discovery, to allow the Court to decide these issues on a full evidentiary record." Dkt. No. 52 at 5. Plaintiffs contend that they "have spent months of time and substantial financial resources on pursuing discovery," which has "revealed evidence that bears directly on the

[2] Shortly before the deadline to amend the pleadings, WSU sent a proposed amended answer to Plaintiffs. Dkt. No. 42 at 9. Plaintiffs declined a joint submission but stated that WSU could "indicate that [the filing] is unopposed." *Id.* at 11. Plaintiffs also noted a few errors and suggested they be corrected. *Id.* As discussed, however, WSU did not file the amended answer. WSU contends that "Plaintiffs refused to stipulate to its filing," and considering Plaintiffs' refusal and "WSU's answer already on file," WSU ultimately decided not to file an amended answer. Dkt. No. 50 at 3. Plaintiffs dispute this characterization, arguing that they clearly consented to the filing of the amended answer. Dkt. No. 52 at 4.

[3] To the extent Plaintiffs contend that the withdrawal notice was premised on WSU executing an amended answer, that notion appears to be belied by Plaintiffs' email to WSU describing that the parties had agreed that the "State *may* file an amended answer" (Dkt. No. 51 at 6 (emphasis added)), and the text of the withdrawal notice memorializing the parties' agreement, wherein WSU simply "reserved the right to file an amended answer," but did not commit to doing so (Dkt No. 23 at 1).

[4] WSU argued in the alternative that should the Court find that the pleadings are not closed, it should construe the motion for judgment on the pleadings as one brought under Rule 12(b)(6). Dkt. No. 50 at 4–6. Because the Court finds that the pleadings have "closed" such that WSU's motion for default judgment is proper under Rule 12(c), it does not address this alternative argument.

questions presented by WSU's motion," and "further discovery will likely uncover additional evidence that is pertinent to those questions." Dkt. No. 41 at 6.

The Court will not defer resolution of the motion for judgment on the pleadings until the completion of discovery. As discussed, "[a]nalysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6)"—that is, "under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe*, 793 F.3d at 1155 (citation omitted). Thus, evidence uncovered during discovery is irrelevant for purposes of the Rule 12(c) analysis, because the Court "generally is limited to the pleadings and may not consider extrinsic evidence" "[i]n deciding a motion for judgment on the pleadings."[5] *Shame on You Prods., Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123, 1144 (C.D. Cal. 2015), *aff'd sub nom. Shame on You Prods., Inc. v. Banks*, 690 F. App'x 519 (9th Cir. 2017). As one court explained when denying a motion to defer ruling on a motion for judgment on the pleadings to allow for discovery, "any evidence beyond the pleadings that could only be presented to the Court following discovery would not be appropriately before the Court on a motion for judgment on the pleadings." *XL Specialty Ins. Co. v. Perry*, No. CV 11-02078-RGK JCGX, 2012 WL 6800780, at *4 (C.D. Cal. Jan. 26, 2012). Moreover, in resolving the motion for judgment on the pleadings, the Court must accept the allegations in the complaint as true. Thus, Plaintiffs need not submit any evidence to corroborate their allegations, and WSU is also precluded from submitting evidence to refute Plaintiffs' allegations.

Plaintiffs' remaining arguments concern whether judgment on the pleadings is appropriate, not whether WSU's motion should be considered. *See generally* Dkt. No. 52 at 5–7. Plaintiffs'

[5] The exception to this general principle is that "a court 'may take judicial notice of facts outside the pleadings without converting the motion into one for summary judgment' if the facts are in the record of the case or are of public record." *Bach v. Bambaren*, No. C09-1787RSL, 2010 WL 11565186, at *1 (W.D. Wash. June 4, 2010) (citations omitted).

assertion that the issues are fact-intensive is an argument for denying WSU's motion, not for striking it. *See id.* at 6. And the Court is not persuaded that considering the motion "nine months into a 15-month discovery timeline" would place Plaintiffs and the Court "in an awkward position." *See id.* at 5. That the parties have engaged in extensive discovery does not deprive WSU of the ability to seek relief under Rule 12. The Court will consider whether the issues can be resolved on the pleadings when it evaluates the merits of the motion; if they cannot, it will deny the motion and allow the case to proceed.

## III. CONCLUSION

For the reasons explained above, the Court DENIES Plaintiffs' motion to strike WSU's motion for judgment on the pleadings. Dkt. No. 41. Per the Court's previous order (Dkt. No. 49), Plaintiffs shall file a response to WSU's motion for judgment on the pleadings no later than December 4, 2026. WSU shall file a reply no later than December 11, 2026. The Clerk is directed to re-note Dkt. No. 40 to December 11, 2026.

Dated this 20th day of November, 2026.

Kymberly K. Evanson
United States District Judge